UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VIKTORIYA SHIROBOKOVA, : 04 Civ. 7352 (SHS)
:
                Plaintiff, : OPINION & ORDER
:
      -against- :
:
CSA CZECH AIRLINES, INC. a foreign :
corporation for profit, and DELTA AIRLINES, :
INC, a foreign corporation for profit, :
:
                Defendants. :
------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

Viktoriya Shirobokova brings this suit to recover damages for injuries she suffered on a CSA Czech Airlines, Inc. ("CSA") flight from New York to the city of Prague in the Czech Republic. She has asserted a Warsaw Convention claim, as well as several state law claims against CSA and Delta Airlines, Inc. ("Delta"), which had a code sharing agreement with CSA that applied to the relevant flight. CSA has moved to dismiss Shirobokova's state law claims. Given that the Warsaw Convention preempts these state law claims, CSA's motion is granted. Delta has moved to dismiss all claims against it. That motion is also granted because Shirobokova's state law claims are preempted by the Warsaw Convention, and because the Complaint does not state a claim for relief pursuant to the Warsaw Convention against Delta in light of the allegation that CSA operated the flight at issue.

I. Background

The relevant facts alleged in the complaint are as follows:

On February 5, 2002, Shirobokova left Minnesota, where she resides, to fly to Russia.[1] (Compl. ¶¶ 2-3). She flew from Minneapolis to Cincinnati on a Delta flight, from Cincinnati to New York on another Delta flight, from New York to Prague on a CSA flight and from Prague to St. Petersburg on another CSA flight. (Id. ¶¶ 2, 5). During the New York to Prague flight, Shirobokova suffered injuries, including "a traumatic brain injury, damaged and bulging discs in her spine, [and] a fractured rib," when the airplane encountered severe turbulence during the flight. (Id. ¶¶ 5, 37).

Shirobokova alleges that on the New York to Prague flight she was a passenger of both Delta and CSA, because the flight was denominated CSA flight 051 and Delta flight 7300, as a result of a code sharing agreement between the airlines. (Id. ¶¶ 2, 11). Due to this code sharing agreement, Delta and CSA allegedly had an "identity of interest" and were "alter egos of one another." (Id. ¶ 11).

II. Legal Standard

When reviewing a motion to dismiss for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6), a district court may only dismiss a plaintiff's claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Drake v. Delta Air Lines, Inc., 147 F.3d 169, 171 (2d Cir. 1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (quotation marks omitted). A court must treat all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Ganino v. Citizens Utils. Co., 228 F.3d 154, 161 (2d Cir. 2000). The complaint need only provide "'a short and plain statement of the claim showing that the pleader

---

[1] Shirobokova initiated this action in the United States District Court for the District of Minnesota. On motion of CSA for change of venue, the litigation was transferred to this district.

is entitled to relief.'" Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (quoting Fed. R. Civ. P. 8(a)(2)).

In connection with its motion to dismiss, Delta has submitted a variety of evidentiary material. Shirobokova aptly urges that if the Court were to consider that material, Delta's motion would have to be converted to a motion for summary judgment pursuant to Fed. R. Civ. P. 56. However, the Court has excluded all evidentiary material and has considered only the allegations in the Complaint, thereby rendering conversion of Delta's motion to dismiss into a motion for summary judgment unnecessary. See Friedl v. City of New York., 210 F.3d 79, 83 (2d Cir. 2000).

III. Analysis

    A. State Law Claims

Shirobokova brings state law claims against defendants for negligence, breaches of warranty and negligent misrepresentation. All of those state law claims are specifically preempted by the terms of the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. § 40105, commonly known as the Warsaw Convention,[2] because they arise from injuries Shirobokova suffered during an international flight.

The Warsaw Convention "created a comprehensive liability system to serve as the exclusive mechanism for remedying injuries suffered in the course of the 'international transportation of persons, baggage, or goods performed by aircraft.'" King v. Am. Airlines, Inc., 284 F.3d 352, 356-57 (2d Cir. 2002) (quoting Warsaw Convention art. 1 and citing El Al Israel

---

[2] The Warsaw Convention applies to this action rather than the subsequently enacted treaty commonly known as the Montreal Convention, see Convention for the Unification of Certain Rules for International Air Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003), reprinted in S. Treaty Doc. No. 106-45, 1999 WL 33292734, because the events at issue transpired before the Montreal Convention took effect in the United States. See Ehrlich v. Am. Airlines Inc., 360 F.3d 366, 371 (2d Cir. 2004).

Airlines, Ltd. v. Tseng, 525 U.S. 155, 169-70, 119 S. Ct. 662, 142 L. Ed. 2d 576 (1999)); see also In re Air Crash at Belle Harbor, NY, on November 12, 2001, 02 MDL 1448, 02 Civ. 6746, 02 Civ. 6747, 2003 WL 21032034, at *3 (S.D.N.Y. May 5, 2003). Article 17 of the Warsaw Convention provides that "[t]he carrier shall be liable for damage sustained in the event of … bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft…." Article 24 of the Warsaw Convention establishes the exclusivity of the cause of action contained in Article 17, providing that "any action for damages, however founded, can only be brought subject to the conditions and limits set out in this convention." The preemptive effect of Article 24 extends to all state law claims relating to personal injuries sustained during international passenger air travel. See King, 284 F.3d at 358.

Here, Shirobokova seeks redress for injuries that she suffered during "[a]n 'accident' … within the meaning of Article 17 of the Warsaw Convention" on her flight from New York to Prague. (Compl. ¶ 17). Accordingly, her state law claims are preempted by the Warsaw Convention. See King, 284 F.3d at 358.

B. Warsaw Convention Claim

Delta seeks dismissal not only of Shirobokova's state law claims, but also of her Warsaw Convention claim insofar as it applies to Delta. When a journey involves segments on more than one carrier, as Shirobokova's did, Article 30(2) of the Warsaw Convention specifies that an injured party may "take action only against the carrier who performed the carriage during which the accident … occurred, save in the case where by express agreement, the first carrier has assumed liability for the whole journey."

The term "carrier" is not specifically defined in the Convention, but "the manner in which it is employed, particularly in the chapter titled 'Liability of the Carrier,' makes clear that

the Convention's drafters were referring only to those airlines that actually transport passengers or baggage...." Pflug v. Egyptair Corp., 961 F.2d 26, 31 (2d Cir. 1992); Kapar v. Kuwait Airways Corp., 845 F.2d 1100, 1103 (D.C. Cir. 1988). Shirobokova explicitly asserts that she was on a "CSA Czech Airlines Flight" at the time of her injury. (Compl. ¶¶ 5, 17). The Complaint contains no allegations even suggesting that Delta was the carrier operating the ill-fated flight. Rather, the Complaint simply alleges that Delta and CSA "had an identity of interest and were alter egos of one another through the eyes of the traveling public[ ]" due to their code sharing agreement. (Id. ¶ 11). A code sharing agreement is simply "an arrangement whereby a carrier's designator code is used to identify a flight operated by another carrier." 14 C.F.R. § 257.3(c).

The mere fact that Delta participated in code sharing with CSA does not reasonably lead to the inference that Delta was the carrier of the flight at issue, especially given the specific allegation in the complaint that Shirobokova was injured on a "CSA Czech Airlines Flight." (Compl. ¶¶ 5, 17); see Pflug, 961 F.2d at 31; see also In re AIR CRASH AT TAIPEI, TAIWAN, on Oct. 31, 2000, No. MDL 1394, 2002 WL 32155476, at *5 (C.D. Cal. May 13, 2002) ("[T]he language [of Article 17] does not speak of dual or multiple carriers, but rather 'the carrier' suggest[s] that only one entity - the operator of the aircraft - bears liability for damages arising from injuries occurring on the aircraft."); Kapar, 845 F.2d at 1103 ("Our understanding of the term 'carrier,' as utilized in the Convention, comports with the well-settled principle that an airline that issues a ticket for carriage on another airline acts only as the agent for the actual carrier.") (emphasis in original). Given that the Complaint explicitly asserts that Shirobokova was injured on a CSA flight, the alleged legal conclusion that the airlines were alter egos of each other due to a code sharing agreement is insufficient to state a claim against Delta for Warsaw

5

Convention liability. See Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir. 1995) ("General, conclusory allegations need not be credited ... when they are belied by more specific allegations of the complaint.").

Shirobokova has alleged that CSA was the carrier of the flight between New York and Prague on which she sustained injuries. She has not alleged that "by express agreement, [Delta] ... assumed liability for the whole journey." Warsaw Convention art. 30(2). Thus, Shirobokova's Warsaw Convention claim against Delta is dismissed.

IV. Conclusion

Defendants' motions are granted because Shirobokova's state law claims are preempted by the Warsaw Convention, and because Delta was not the carrier of the flight on which she was injured. Accordingly, Shirobokova's Complaint is dismissed except insofar as it attempts to impose liability pursuant to the Warsaw Convention on CSA in Count I.

Dated: New York, New York
July 7, 2005

SO ORDERED:

Sidney H. Stein, U.S.D.J.

6